# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 20-60763
Summary Calendar

Maria Magdalena Lopez-Temaj,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 451 056

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Maria Magdalena Lopez-Temaj, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming without opinion the denial by an Immigration Judge (IJ) of her application for asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60763

Convention Against Torture (CAT). Lopez-Temaj challenges the denial of her applications for asylum and withholding of removal on the grounds that she failed to demonstrate past persecution or a well-founded fear of future persecution. Because Lopez-Temaj fails to brief any challenge to the denial of relief under the CAT, her claim is abandoned. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

On petition for review, we review factual findings for substantial evidence and legal rulings de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Factual findings will not be overturned unless the evidence compels a contrary conclusion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Because the BIA affirmed the IJ's order without opinion, we review only the IJ's decision. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003).

Lopez-Temaj contends that she experienced past persecution because her employer, a woman named Olga, threatened her with death or kidnapping if she did not leave the country. The evidence showed that Lopez-Temaj received only one isolated threat of kidnapping or death. She admitted that she had never before been threatened or harmed because of her race or her indigenous dialect, and that she believed her family was not treated differently than other families in Guatemala. Further, the record contains no evidence demonstrating that Olga harbored animus toward Lopez-Temaj on account of her race or her membership in the group of Guatemalans who speak a dialect. Thus, substantial evidence supports the IJ's conclusion that Olga's threat did not amount to persecution and that Lopez-Temaj was not persecuted on account of a protected ground. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Because Lopez-Temaj failed to demonstrate persecution on account of a protected ground, which is dispositive of the issue of past persecution, it is unnecessary to address the IJ's decision whether the Guatemalan government was unwilling or unable to control the

No. 20-60763

persecutor. *See Ortiz v. Garland*, 6 F.4th 685, 691 (5th Cir. 2021) (declining to address issue of persecution when petitioner could not independently prove government was unwilling or unable to control violence).

To prove a well-founded fear of future persecution, an applicant must demonstrate a subjective fear of persecution that is objectively reasonable. *Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006). Significantly, Lopez-Temaj's family remains in Guatemala and has not experienced any mistreatment or harm since Lopez-Temaj left the country. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). Additionally, Lopez-Temaj testified only that she was unfamiliar with other parts of the country but did not state that she would be unsafe there. To the extent that Lopez-Temaj argues that her fear was objectively reasonable due to the pattern or practice of persecuting indigenous peoples in Guatemala and that she established a ten percent chance of future persecution, she did not present this argument to the BIA in her brief, and it is unexhausted. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (stating that asylum applicant must properly exhaust claims before the BIA). Thus, the IJ's decision that Lopez-Temaj failed to establish a well-founded fear of future persecution is supported by substantial evidence. *See Eduard*, 379 F.3d at 189.

The IJ's denial of Lopez-Temaj's asylum application is supported by substantial evidence, and the evidence does not compel a contrary conclusion. *See Gomez-Palacios*, 560 F.3d at 358. Because Lopez-Temaj failed to meet the standard for asylum, she could not establish eligibility for withholding of removal; thus, her challenge to the IJ's denial of her application for cancellation of removal fails. *See Chen*, 470 F.3d at 1138.

The petition for review is DENIED.